## Case No. 14,446.
### UNITED STATES v. ANDERSON.
[1 Blatchf. 330.] [1]

Circuit Court. S D. New York. Oct. Term, 1848.

SURETIES—COLLECTOR'S BOND—ADDITIONAL SECURITY.

1. Where H. as principal and P. as surety gave a joint and several bond to the United States, which recited the appointment of H. as collector of customs, and also that two bonds had been previously gi·en by him, with sureties, for the faithful discharge of his duties, and that it was deemed expedient that he should give additional security, and was then conditioned that if H. "has faithfully discharged and shall continue faithfully to discharge all the duties of the said office, according to law, then the above obligation to be void otherwise it shall remain in full force." held, that P. became absolutely bound for any default of H.

[Cited in State v. Hill, 17 W. Va. 463.]

2. The recitals do not import conditional or contingent security, but were intended to show that P. had become surety in addition to the sureties in the prior bonds.

[1 [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

This was an action of debt, on a joint and several bond, executed by Jesse Hoyt and Thaddeus Phelps to the United States, in the penal sum of $200,000, dated December 14, 1839, which, after reciting that Hoyt had been appointed collector of the port of New-York, and had, on the 22d of March, 1838, given a bond to the United States, with six sureties, in the penalty of $150,000, conditioned for the faithful discharge of his duties, and also had, on the 30th of November, 1838, given another bond to the United States, with the same sureties, in the penalty of $200,000, and with the like condition, and, after further reciting that it was deemed expedient that said Hoyt should give additional security to the United States for the faithful performance of his trust as such collector, was conditioned, that if the said Hoyt "has truly and faithfully executed and discharged, and shall continue truly and faithfully to execute and discharge, all the duties of the said office, according to law, then the above obligation to be void and of none effect, otherwise it shall abide and remain in full force and virtue." The declaration assigned several breaches. The defendant [Charles E. Anderson, executor of Thaddeus Phelps] interposed a general demurrer, in which the plaintiffs joined. The question raised upon the demurrer was, whether Phelps, the testator, by entering into the bond became absolutely bound for any default of Hoyt in the discharge of his duties as collector, or whether he became only contingently bound, in the event of the failure or inability of the sureties in the previous bonds to satisfy and discharge the same.

[See Cases Nos. 15,409 and 15,410.]

Benjamin F. Butler, U. S. Dist. Atty.
J. Prescott Hall, for defendant.

THE COURT held that the testator became absolutely bound: that the recital in the bond, that it was deemed expedient that Hoyt should give additional security, did not necessarily or by any fair inference import conditional or contingent security: that the condition of the bond was in the terms prescribed by the first section of the act of congress of March 2, 1799 (1 Stat. 705), and found in all the official bonds of collectors; that the recitals were intended to show that Phelps was not the sole surety for Hoyt, but had become such in addition to the sureties in the two prior bonds; that such additional security might be absolute or conditional, depending upon the terms of the obligation; and that, in this instance, it was as absolute as words could make it.

Judgment for plaintiffs.